## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 4:15-cr-0544-S3-02 |
| | § | |
| DIMAS DELEON RIOS | § | |

### PLEA AGREEMENT

The United States of America, by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, and Anibal J. Alaniz, Assistant United States Attorney, and the defendant, Dimas DeLeon-Rios ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.  Defendant agrees to plead guilty to Count 1 of the 3rd superseding indictment.   Count 1 charges Defendant with conspiracy to possess with intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846. Defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.  The statutory maximum penalty for each violation of Title 21, United States Code, Section 846, 841(a)(1) and 841(b)(1)(A), is imprisonment of not less than 10 years and up to life imprisonment and a fine of up to $10,000,000.   Additionally, Defendant may receive a term of supervised release after imprisonment of at least 5 years. *See* Title 21, United States Code,

sections 841(b)(1)(A).    Defendant acknowledges and understands that if he/she should violate the

conditions of any period of supervised release which may be imposed as part of his/her sentence,

then Defendant may be imprisoned for the entire term of supervised release, without credit for time

already served on the term of supervised release prior to such violation.    *See* Title 18, United

Stated Code, sections 3559(a)(3) and 3583(e)(3).    Defendant understands that he/she cannot have

the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

### Mandatory Special Assessment

3.    Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after

sentencing, Defendant will pay to the Clerk of the United States District Court a special

assessment in the amount of one hundred dollars ($100.00) per count of conviction.    The payment

will be by cashier's check or money order, payable to the Clerk of the United States District Court,

c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.    Defendant recognizes that pleading guilty may have consequences with respect to

his/her immigration status if he/she is not a citizen of the United States.    Defendant understands

that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from

the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's attorney has advised Defendant of the potential immigration consequences resulting

from Defendant's plea of guilty.

### Cooperation

5.    The parties understand this agreement carries the potential for a motion for departure

under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether

2

such a motion is filed will be determined solely by the United States through the United States
Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment
and discretion of the United States, amount to "substantial assistance," the United States reserves
the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States
Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully
cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraph
N/A of this agreement. Defendant understands and agrees that the United States will request that
sentencing be deferred until that cooperation is complete.

   6.   Defendant understands and agrees that "fully cooperate," as that term is used herein,
includes providing all information relating to any criminal activity known to Defendant, including
but not limited to the conspiracy to possess with intent to distribute controlled substances alleged
in the 3rd superseding indictment. Defendant understands that such information includes both state
and federal offenses arising therefrom. In that regard:

>   (a)   Defendant agrees that this plea agreement binds only the United States
>   Attorney for the Southern District of Texas and Defendant; it does not bind any
>   other United States Attorney or any other unit of the Department of Justice;
>
>   (b)   Defendant agrees to testify truthfully as a witness before a grand jury or in
>   any other judicial or administrative proceeding when called upon to do so by the
>   United States.   Defendant further agrees to waive his/her Fifth Amendment
>   privilege against self-incrimination for the purpose of this agreement;
>
>   (c)   Defendant agrees to voluntarily attend any interviews and conferences as
>   the United States may request;
>
>   (d)   Defendant agrees to provide truthful, complete and accurate information
>   and testimony and understands any false statements made by the defendant to the
>   Grand Jury or at any court proceeding (criminal or civil), or to a government
>   agent or attorney, can and will be prosecuted under the appropriate perjury, false
>   statement, or obstruction statutes;

3

(e)    Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation; and

(f)    Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he/she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

### Waiver of Appeal and Collateral Review

7.    Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.    In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will

4

receive.   Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10.   The United States agrees to each of the following:

(a)   If Defendant pleads guilty to Count 1 of the 3rd superseding indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss the 1st and 2nd superseding indictments and any remaining counts of the 3rd superseding indictment at the time of sentencing;

(b)   If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

11.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other

United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

12.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)      to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)      to set forth or dispute sentencing factors or facts material to sentencing;

(c)      to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)      to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)      to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and

that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14.   Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)   If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)   At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf.   If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c)   At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he/she could testify on his/her own behalf.

### Factual Basis for Guilty Plea

15.   Defendant is pleading guilty because he/she is in fact guilty of the charges contained in Count 1 of the 3rd superseding indictment.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

From on or about January 1, 2010 to on or about September 10, 2015, Defendant conspired to knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine.

<u>April 20, 2013</u>
<u>17 kilograms of suspected cocaine</u>

On April 20, 2013, co-defendant United States Border Patrol Agent Daniel Polanco called an Edinburg, Texas police officer and told him that a suspicious vehicle located in the area of East Davis and Expressway 281 might contain a controlled substance.

Based on the information provided by co-defendant Polanco, Edinburg, Texas Police Officer Maria Mason located an abandoned green Mazda 626 vehicle in that area. During and inventory search of the vehicle, Officer Mason found 19 bundles of suspected cocaine. The 19 bundles weighed approximately 17 kilograms.

A chemical analysis of the substance revealed that it contained less than 1% cocaine hydrochloride.

<u>Federal Investigation</u>

Based on the seizure described above and others, agents suspected that the reason that the seized substances contained small or trace amounts of cocaine was that the actual cocaine was stolen by the Defendant and his conspirators. During the course of the investigation, agents received information that the Defendant and his conspirators were involved in a scheme in which they would create "sham" bundles of cocaine and use law enforcement officers to seized these "sham" bundles. The purpose of having the "sham" bundles seized by law enforcement was to cover up the theft of the actual cocaine from the owners of the cocaine. Furthermore, the

8

Defendant and his conspirators would obtain the seizure reports from the law enforcement officers in order to give those seizure reports to the owners of the cocaine.

In the seizure described above, the Defendant and his conspirators possessed the actual cocaine, created the "sham" bundles and used law enforcement officers to seize the "sham" cocaine for the purpose of covering up the theft. Furthermore, in the above-described seizure, the Defendant and his conspirators sold and distributed the actual cocaine.

The Defendant, directly or indirectly, entered into an agreement with at least one other person to knowingly and intentionally possess with intent to distribute a controlled substance.

The Defendant knew the unlawful purpose of the agreement.

The Defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose of the agreement.

The Defendant furthered the unlawful purpose of the agreement by calling co-defendant United States Border Patrol Agent Daniel Polanco and giving him the location of the Mazda vehicle that contained the "sham" cocaine for the purpose of having the "sham" bundles seized by law enforcement officers.

The overall scope of the conspiracy involved at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine.

The Defendant knew that the scope of the conspiracy involved at least 5 kilograms of cocaine.

### Breach of Plea Agreement

16.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea

agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Forfeiture and Fines – Generally

17.  This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest.  Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

18.  Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.  Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.  Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19.  Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not

limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

20.    Defendant understands that forfeiture and fines are separate components of sentencing and are separate obligations.

<strong>Forfeiture</strong>

21.    Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

22.    Defendant stipulates and agrees that the factual basis for his/her guilty plea supports the forfeiture of at least $ -0- against him/her and in favor of the United States, and Defendant agrees to the imposition of a personal money judgment for that amount against him/her and in favor of the United States of America. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists.   Defendant agrees to forfeit any of his/her property, or his/her interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

23.    Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24.    Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

25. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

26. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

27. This written plea agreement, consisting of 14 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

28. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ___Houston___, Texas, on ___11/9/17___, 2017.

X _____
Dimas DeLeon-Rios
Defendant

12

Subscribed and sworn to before me on ___November 9___, 2017.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Abe Martinez
Acting United States Attorney

By: _____          _____
Anibal J. Alaniz                                          Juan Guerra
Assistant United States Attorney                Attorney for Defendant

13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. 4:15-cr-0544-S3-02** |
| | § | |
| **DIMAS DELEON RIOS** | § | |

### PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.   I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.   Further, I have carefully reviewed every part of this plea agreement with Defendant.   To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____    11/9/17
Juan Guerra                         Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____    11/9/17
Dimas DeLeon Rios                   Date

14