United States District Court
Southern District of Texas
**ENTERED**
August 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CRIMINAL ACTION NO. 15-544-02 |
| v. | § § | |
| | § | CIVIL ACTION NO. 22-cv-3186 |
| DIMAS DELEON RIOS | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Dimas Deleon Rios, proceeding *pro se*, filed a motion (Docket Entry No. 1123) and amended motion (Docket Entry No. 1125) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Government filed a motion for summary judgment (Docket Entry No. 1145), to which defendant filed a response. (Docket Entry No. 1151.) The Court deems the response timely filed.

Having considered defendant's section 2255 motions, the Government's motion for summary judgment, the response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DENIES** the section 2255 motion, as explained below.

### I. BACKGROUND AND CLAIMS

Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, and was sentenced to a 180-month term of incarceration on September 23, 2021. (Docket Entry No. 1066.) Defendant did not pursue an appeal.

In his timely-filed motion and amended motion for relief under section 2255, defendant claims that trial counsel was ineffective at sentencing in the following three particulars:

1. Trial counsel failed to investigate adequately statement made by Carlos Oyervides in his television interview.

2. Trial counsel failed to investigate adequately Mario Solis's prior statements.

3. Trial counsel failed to investigate adequately kidnapping allegations made against defendant.

The Government argues that the claims lack merit and should be dismissed.

## II. LEGAL STANDARDS

A. <u>Section 2255</u>

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and

would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Moreover, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default, and actual prejudice resulting from the error. *Placente*, 81 F.3d at 558.

B. <u>Effective Assistance of Counsel</u>

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696.

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id*. at 689. To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Id*. at 695–96.

To demonstrate prejudice in the context of sentencing, a defendant must demonstrate that the sentence was increased, or not lowered, due to the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203–04 (2001); *U.S. v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

In this instance, the Court imposed a sentence that was twelve years below the low end of the Sentencing Guidelines and well below the statutory maximum of life imprisonment.

### III.   ANALYSIS

A.   <u>Statements of Carlos Oyervides</u>

In his first ground for relief, defendant claims that trial counsel was ineffective in failing to present evidence that Carlos Oyervides admitted during a television interview that he himself was the leader of the drug trafficking organization. (Docket Entry No. 1126, pp. 14–20.) Defendant appears to contend that, had the Court heard the recorded interview, it would not have imposed the four-point addition under U.S.S.G. § 3B1.1 against defendant for being a leader.

Defendant's argument is refuted by the record and the applicable law. The Court was well aware of the recorded interview and Oyervides's statement that he was the leader of the organization. At sentencing, trial counsel and counsel for the Government stipulated to the fact that the videotaped interview showed Oyervides admitting he was a leader of the drug trafficking organization. (Docket Entry No. 1143, pp. 78–79.) Trial counsel informed this Court that "we have someone subpoenaed, and they're not here yet, [ ] Hector Guevarro."

4

*Id.*, p. 79. This Court invited trial counsel to make a proffer of the witness's testimony, to which trial counsel stated that "Mr. Guevarro would have authenticated a video. We have both the video and a transcript of that video in which . . . Mr. Oyervides admits to being a leader of the organization." *Id.* The Government agreed to stipulate that it was Carlos Oyervides speaking on the video, and that he says "he was a leader of the organization. We can stipulate to that, and there's no need to call the witness to authenticate the video." *Id.* The Court accepted the stipulations. *Id.*

Defendant's conclusory assertion that this Court would have imposed a lesser sentence had it viewed the actual videotaped interview is unsupported in the record and warrants no relief. As noted earlier, the Court imposed a sentence that was twelve years below the low end of the Sentencing Guidelines and well below the statutory maximum of life imprisonment.

Moreover, defendant is incorrect in assuming that U.S.S.G. § 3B1.1 may apply only to a single offender in a criminal conspiracy. "There can, of course, be more than one person who qualifies as a leader or organizer of a criminal associate or conspiracy." U.S.S.G. § 3B1.1, cmt. n.4. Defendant was not required to be the sole, or primary, leader for the enhancement to apply, and Oyervides's statement of being "a" or "the" leader of the drug trafficking organization did not preclude the Court's finding that defendant was a leader of the organization. *See United States v. Cabrera*, 288 F.3d 163, 175 n.13 (5th Cir. 2002).

Defendant's first claim for ineffective assistance of counsel has no merit, and the Government's motion for summary judgment is granted as to the claim.

B. <u>Statements of Mario Solis</u>

Defendant next argues that trial counsel was ineffective at sentencing in failing to investigate prior statements made by witness Mario Solis. According to defendant, Solis lied to government agents when he said that defendant intimidated him by hiring attorney Juan Guerra to represent Solis so he would stop cooperating with federal investigators. Defendant argues that trial counsel should have called attorney Guerra as a witness at sentencing to refute Solis's statements. (Docket Entry No. 1126, p. 20.)

The record shows that trial counsel did attempt to call Guerra as a witness at sentencing and informed the Court that Guerra had not yet arrived. (Docket Entry No. 1143, p. 81.) The Court asked, "What's he going to testify to that's helpful to this hearing?" *Id.*, p. 82. Trial counsel responded, "He would testify he was never retained by [defendant] to represent anyone but [defendant]. The Government is essentially accusing Mr. Guerra of unethical activity saying [he withdrew due to a conflict of interest] – and it's just false. I think he should have a chance to clear his name." *Id.*, pp. 82–83. The Court stated, "I would have given Mr. Guerra a hearing at any point on the issue of conflict. I don't know why he's just now wanting to clear his name. I would have – at any time – given him a hearing on that. So I don't see any point in waiting for that." *Id.*, p. 83. The Court denied trial counsel's request to allow Guerra additional time to appear for the hearing.

6

Thus, the record shows that trial counsel intended to present Guerra as a witness at sentencing, but the Court declined to allow Guerra additional time to appear. Consequently, defendant's allegations against trial counsel are refuted by the record. Defendant establishes neither deficient performance nor actual prejudice under *Strickland*. Specifically, defendant fails to show that, but for trial counsel's alleged deficient performance, the Court would have imposed a lesser sentence.

Defendant's second ground for habeas relief lacks merit, and the Government's motion to summarily dismiss the claim is granted.

C.  Statements Regarding Kidnapping

In his third claim, defendant contends that trial counsel was ill-prepared and failed to argue that he was not responsible for the kidnapping of Oyervides. Specifically, he asserts that "[had] my lawyer investigated the evidence of my non-involvement in the kidnapping and been prepared to correct the misperceptions at sentencing caused by the testimony of Agent Perez and the arguments of the prosecutor, there is a reasonable probability that the court's view of the offense would have resulted in a lesser sentence." (Docket Entry No. 1126, p. 23.)

Defendant's claim is speculative, conclusory, and unsupported, and he presents no probative summary judgment evidence sufficient to preclude the Government's motion for summary judgment. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (noting that "mere conclusory allegations on a critical issue are insufficient to raise a constitutional

7

issue"); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."). Nothing in the record indicates that trial counsel failed to investigate the kidnapping allegations, nor does defendant direct the Court to any specific evidence that was available to counsel that would have corrected any misconceptions caused by agent Perez or the Government's arguments.

The record shows that Oyervides was kidnapped because he was an active participant in the drug trafficking organization for which defendant was a leader. Oyervides's kidnapping was precisely the type of "uncharged conduct" that U.S.S.G. § 5K2.21 contemplates. *See United States v. Newsom*, 508 F.3d 731, 735 (5th Cir. 2007). ("Thus, we join those other circuits . . . in interpreting § 5K2.21 as requiring some degree of connection between uncharged and charged offenses, although even a remote connection will suffice."). It was not necessary that the Government show that defendant himself actually kidnapped Oyervides or was personally involved in the kidnapping. Defendant establishes neither deficient performance nor actual prejudice under *Strickland*.

Defendant's third ground for habeas relief is without merit, and the Government's motion for summary judgment is granted as to the third ground.

## IV. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. The Government's motion for summary judgment (Docket Entry No. 1145) is **GRANTED**.

2. Defendant's motion and amended motion to vacate, set aside, or correct his sentence (Docket Entries No. 1123, 1125) are **DENIED**.

3. A certificate of appealability is **DENIED**.

4. The related civil action in C.A. No. 22-cv-3186 (S.D. Tex.) is **ORDERED ADMINISTRATIVELY CLOSED**.

Signed at Houston, Texas, on this the 21st day of August, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE